HAROLD LICHTEN (hlichten@llrlaw.com)
*Pro Hac Vice* anticipated
JILL KAHN (jkahn@llrlaw.com)
*Pro Hac Vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
Telephone: (617) 994-5800
Facsimile:  (617) 994-5801

*Attorneys for Plaintiff*
*[Additional counsel on following page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SCOLARO, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>RIGHTSOURCING, INC.,<br><br>            Defendant. | ) Case No. 8:16-CV-01083<br>)<br>) CLASS AND COLLECTION<br>) ACTION; DEMAND FOR JURY<br>) TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SHANON J. CARSON (PA 85957) (scarson@bm.net)
*Pro Hac Vice* anticipated
SARAH R. SCHALMAN-BERGEN (PA 206211) (sschalman-bergen@bm.net)
*Pro Hac Vice* anticipated
ALEXANDRA K. PIAZZA (PA 315240) (apiazza@bm.net)
*Pro Hac Vice* anticipated
CAMILLE FUNDORA (PA 312533) (cfundora@bm.net)
*Pro Hac Vice* anticipated
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

Wilmer J. Harris (SBN 150407) (wharris@sshhlaw.com)
Isabel M. Daniels (SBN 270887) (idaniels@sshhlaw.com)
SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

CLASS AND COLLECTIVE ACTION COMPLAINT; JURY DEMAND

I.    **INTRODUCTION**

1.    Plaintiff Angela Scolaro ("Plaintiff"), individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant RightSourcing, Inc. ("RightSourcing" or "Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the California Labor Code § 1197 (failure to pay overtime compensation); the California Labor Code § 2802 (failure to reimburse for expenses that should have been borne by employer); and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (unfair competition law).  Throughout the relevant time periods, Defendant has employed workers called "Clinical Training Specialists," who provide support to hospital employees learning to use new electronic data systems at various hospitals throughout the country.  Plaintiff provided these services to employees at Hoag Memorial Hospital Presbyterian ("Hoag Memorial") on behalf of Defendant.

2.    Plaintiff alleges that Defendant misclassified Clinical Training Specialists as exempt from overtime, and as a result, they were not paid overtime wages when they worked in excess of 40 hours a week, in violation of the FLSA and California Labor Code.  Plaintiff also alleges that she, and all Clinical Training Specialists working in California, were forced to pay for expenses which should have properly been borne by Defendant, in violation of the California Labor Code.

II.   **JURISDICTION AND VENUE**

3.    Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

5.    Venue in this Court is proper pursuant to 28 U.S.C. § 139(b)(2)

---

CLASS AND COLLECTIVE ACTION COMPLAINT; JURY DEMAND

1

because Plaintiff and others similarly situated performed work for Defendant in Newport Beach, California, where a substantial part of the events giving rise to Plaintiff's claims occurred.

### III.   PARTIES

6.     Plaintiff Angela Scolaro is an adult resident of Long Beach, New York.  Scolaro worked for RightSourcing providing information technology support to employees of Hoag Memorial at various intervals between April 2012 and February 2014.

7.     Defendant RightSourcing, Inc. is a New York corporation with its principal place of business located at 2 Executive Circle, Suite 210, Irvine, CA 92614.  RightSourcing also maintains operations at 999 Steward Avenue, Suite 100, Bethpage, NY 11714.

8.     Rightsourcing is the sister company of PRO Unlimited, Inc. and a holding of Investcorp Bank B.S.C., which is publicly traded in the Bahrain Stock Exchange, using the symbol INVCORP.  Pro Unlimited, Inc. is a global purely vendor-neutral contingent workforce management company, providing its clients human resources outsourcing and expertise in contingent workforce risk management, among other services.

9.     RightSourcing employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10.     RightSourcing's annual gross volume of sales made or business done exceeds $500,000.

### IV.   CLASS DEFINITIONS

11.     Plaintiff brings this action as a collective action under § 216(b) of the FLSA, and as a class action under Fed. R. Civ. P. 23.

12.     The collective action under the FLSA is on behalf of the following

group:

>All Clinical Training Specialists who have worked for RightSourcing, Inc. providing information technology support services in the United States in the past three years ("FLSA Class").

13.	The Rule 23 class action is on behalf of the following group:

>All Clinical Training Specialists who have worked for RightSourcing, Inc. providing information technology support services in California in the past four[1] years ("California Class").

14.	The FLSA Class and California Class are together referred to as the "Classes."

15.	Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## V.	FACTS

16.	As a healthcare workforce management company, RightSourcing provides a range of support services, including information technology support, to hospitals and other healthcare facilities across the United States.  RightSourcing employs Clinical Training Specialists, such as Plaintiff, who perform information technology support services at various healthcare facilities throughout the country, including Hoag Memorial.

17.	Rightsourcing is the sister company of PRO Unlimited, Inc., both companies are holdings of Investcorp Bank B.S.C., which is publicly traded in the Bahrain Stock Exchange, using the symbol INVCORP.  Pro Unlimited, Inc. is a global purely vendor-neutral contingent workforce management company, providing its clients human resources outsourcing and expertise in contingent

---

[1] The statute of limitations on Plaintiff's California Unfair Competition Law claim is four (4) years.

workforce risk management, among other services.

18.   RightSourcing employed Plaintiff and other Clinical Training Specialists who provide information technology support to employees of hospitals, including Hoag Memorial.  RightSourcing sets the policies and criteria applicable to Plaintiff and other Clinical Training Specialists who provide information technology support to employees of Hoag Memorial.

19.   While Plaintiff and other Clinical Training Specialists were working at Hoag Memorial, they were supervised by both RightSourcing employees.

20.   Plaintiff Scolaro performed information technology support for RightSourcing at Hoag Memorial during various intervals between April 2012 and February 2014.

21.   Although Plaintiff's job title was Clinical Training Specialist, and although she performed information technology support tasks, her pay statements stated her job title as "systems analyst" or "software engineer".

22.   RightSourcing improperly classified Plaintiff and other Clinical Training Specialists as exempt from FLSA and state law overtime requirements. Plaintiff and other Clinical Training Specialists performed basic, non-exempt information technology support tasks, following the instructions given to them by RightSourcing.  RightSourcing, Hoag Memorial, and the various hospitals that Clinical Training Specialists work with, provide the policies, manuals, and standard operating procedures which must be followed.  Plaintiff and other Clinical Training Specialists are therefore not engaged in work that is intellectual, creative, or that requires the exercise of independent judgment.

23.   RightSourcing provided all the information and training that is needed for Plaintiff and other Clinical Training Specialists to perform their work. Plaintiff and other Clinical Training Specialists are not required to be highly skilled or proficient in the theoretical and practical application of highly specialized information to computer systems analysis, programming, or software

engineering.  Plaintiff's background is in teaching.  Plaintiff has no special skills related to computer technology.

24.     Plaintiff and other similarly situated individuals do not work as computer systems analysts, computer programmers, or software engineers as defined in 29 C.F.R. §541.400(a).  Instead, they provided specific and discrete support functions in connection with the implementation of a new electronic data program.

25.     Plaintiff and other Clinical Training Specialists' duties consist of providing support to hospital employees in using new programs for electronic data.  After completing their own training in how to use the hospital's electronic record systems, Clinical Training Specialists aid hospital staff with using the new program.  Plaintiff and other Clinical Training Specialists do not perform "application of systems analysis techniques and procedures."  29 C.F.R. §541.400(b)(1); Cal. Lab. Code § 515.5(a)(2)(A).  Plaintiff and other Clinical Training Specialists do not analyze, consult, or determine hardware, software programs, or any system functional specifications for RightSourcing or Hoag Memorial.

26.     Plaintiff and other Clinical Training Specialists do not design, develop, document, analyze, create, test or modify computer systems or programs as defined in 29 C.F.R. § 541.400(b)(2); Cal. Lab. Code § 515.5(a)(2)(B).  Plaintiff and other Clinical Training Specialists provided support to hospital employees learning to use new electronic data programs.

27.     Plaintiff and other Clinical Training Specialists do not document, test, create, or modify computer programs related to the design of software or hardware for computer operating systems as defined in 9 C.F.R. § 541.400(b)(2); Cal. Lab. Code § 515.5(a)(2)(B).

28.     Plaintiff and other Clinical Training Specialists are not highly skilled and proficient in the theoretical and practical application of highly specialized

information to computer systems analysis, programming, or software engineering.

29.     Plaintiff and other Clinical Training Specialists are not paid a minimum guaranteed salary. Plaintiff and other Clinical Training Specialists are paid hourly, and are paid only for the time they work.  If they do not work, they do not get paid.

30.     Plaintiff and other Clinical Training Specialists routinely work in excess of forty (40) hours a week, but as a result of their misclassification as exempt, are not paid overtime compensation as required by the FLSA and the California Labor Code.

31.     For example, in the week ending February 15, 2014, Plaintiff Scolaro worked 88 hours and was only paid straight time for all hours worked.  Plaintiff observed other Clinical Training Specialists being paid the same way and working similar schedules.

32.     In addition, Plaintiff and other Clinical Training Specialists are forced to bear various expenses necessary for their work, such as the cost of travel, meals and lodging, which should have properly been borne by RightSourcing.

33.     As the sister company of PRO Unlimited, Inc., a contingent workforce risk management company, and a holding of Investcorp Bank B.S.C., which there is no question that Rightsourcing has access to human resource expertise and legal counsel who can advise Rightsourcing on its FLSA and state wage and hour law compliance obligations.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE FLSA

34.     All previous paragraphs are incorporated as though fully set forth herein.

35.     The FLSA requires that covered employees be compensated overtime

pay for all hours worked over forty (40) hours at no less than one and a half (1 ½) times their regular rate of pay.  See 29 U.S.C. § 207.

36.     The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d).  The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

37.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

38.     At all relevant times, Plaintiff and the FLSA Class are covered employees entitled to the above-described FLSA's protections. See 29 U.S.C. § 203(e).

39.     At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

40.     Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

41.     Plaintiff and the FLSA Class are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

42.     Defendant does not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA. See 29 C.F.R. § 516.2(a)(7).

43.     Defendant, pursuant to its policies and practices, knowingly failed to pay Plaintiff and the FLSA Class overtime compensation for all hours worked over forty (40) in a workweek in violation of 29 U.S.C. § 207.

44.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.
///

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME IN VIOLATION OF CALIFORNIA</u>
## <u>LABOR CODE</u>

45.    Plaintiff and other Clinical Training Specialists who provided information technology support services for RightSourcing in California regularly worked over 40 hours a week.  RightSourcing failed to pay Plaintiff and other Clinical Training Specialists at the rate of time-and-a-half for hours worked in excess of 40 a week.  RightSourcing's knowing and willful failure to pay Plaintiff and other similarly situated individuals overtime violates Cal. Lab. Code § 1197.

46.    Plaintiff brings this claim on behalf of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.    The California Class Members are readily ascertainable because the number and identity of the California Class Members are readily determinable from RightSourcing's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from RightSourcing.  Notice can be provided by means permissible under Rule 23. This action is maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

48.    The California Class Members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  There are more than 40 class members.

49.    Plaintiff's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each class member in separate actions.  All California Class Members were subject to the same policy of RightSourcing, namely misclassification of Clinical Training Specialists as exempt from overtime, and RightSourcing's resulting failure to pay these individuals at the rate of time-and-a-half for hours worked in excess of 40 a week.

50.     Plaintiff and other California Class Members have sustained similar losses, injuries and damages resulting from RightSourcing's failure to pay them time-and-a-half for hours worked in excess of 40 a week.  RightSourcing's policies and practices affected all class members similarly, and RightSourcing benefitted from the same type of unfair and/or wrongful acts as to each of the class members.

51.     Plaintiff is able to fairly and adequately protect the interests of the California Class Members and has no interests antagonistic to the California Class Members.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

52.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that individual actions engender.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting Plaintiff and the California Class Members individually.  These questions include whether Plaintiff and the California Class Members were improperly classified by RightSourcing as exempt from overtime under the California Labor Code.

///

**THIRD CAUSE OF ACTION**

**FAILURE TO REIMBURSE WORKERS FOR EXPENSES NECESSARY TO PERFORM THEIR JOBS IN VIOLATION OF CALIFORNIA LABOR CODE**

54.    RightSourcing failed to compensate Plaintiff and other Clinical Training Specialists working in California for the expenses necessary for these workers to perform their jobs, including the costs of travel, meals and lodging, in violation of Cal. Labor Code § 2802.

55.    Plaintiff brings this claim on behalf of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.    The California Class Members are readily ascertainable because the number and identity of the Rule 23 class members are readily determinable from RightSourcing's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from RightSourcing. Notice can be provided by means permissible under Rule 23.  This action is maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

57.    The California Class Members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  There are more than 40 class members.

58.    Plaintiff's claims are typical of those claims which could be alleged by any California Class Member, and the relief sought is typical of the relief which would be sought by each California Class Member in separate actions.  All class members were subject to the same policy of RightSourcing, namely the failure to reimburse for expenses, including meals, lodging, and travel, associated with class members' work as Clinical Training Specialists.

59.    Plaintiff and other class members have sustained similar losses, injuries and damages resulting from RightSourcing's failure to reimburse them for

expenses that should have been borne by RightSourcing.  RightSourcing's policies and practices affected all class members similarly, and RightSourcing benefitted from the same type of unfair and/or wrongful acts as to each of the class members.

60.     Plaintiff is able to fairly and adequately protect the interests of the class members and has no interests antagonistic to the California Class Members. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

61.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that individual actions engender.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting Plaintiff and the California Class Members individually.  These questions include whether Plaintiff and the class members were required by RightSourcing to pay for expenses which should have been borne by RightSourcing.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN**

**VIOLATION OF CALIFORNIA LABOR CODE**

63.    RightSourcing failed to provide Plaintiff and other Clinical Training Specialists working in California with an itemized wage statement, in violation of Cal. Labor Code section 226.

64.    Plaintiff brings this claim on behalf of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65.    The California Class Members are readily ascertainable because the number and identity of the Rule 23 class members are readily determinable from RightSourcing's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from RightSourcing. Notice can be provided by means permissible under Rule 23.  This action is maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

66.    The California Class Members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  There are more than 40 class members.

67.    Plaintiff's claims are typical of those claims which could be alleged by any California Class Member, and the relief sought is typical of the relief which would be sought by each California Class Member in separate actions.  All class members were subject to the same policy of RightSourcing, resulting in wage statements inconsistent with the requirements of Labor Code section 226.

68.    Plaintiff and other class members have sustained similar losses, injuries and damages resulting from RightSourcing's failure to provide itemized wage statements. RightSourcing's policies and practices affected all class members similarly, and RightSourcing benefitted from the same type of unfair and/or wrongful acts as to each of the class members.

69.     Plaintiff is able to fairly and adequately protect the interests of the class members and has no interests antagonistic to the California Class Members. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

70.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that individual actions engender.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting Plaintiff and the California Class Members individually.  These questions include whether Plaintiff and the class members received an itemized wage statement identifying overtime hours worked and all applicable hourly rates in effect.

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**

72.     All previous paragraphs are incorporated as though fully set forth herein.

73.     RightSourcing willfully failed to pay all wages due at the time of separation, in violation of Labor Code section 203.

74.     Plaintiff brings this claim on behalf of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

75.     The California Class Members are readily ascertainable because the number and identity of the Rule 23 class members are readily determinable from RightSourcing's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from RightSourcing. Notice can be provided by means permissible under Rule 23.  This action is maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

76.     The California Class Members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the Court.  There are more than 40 class members.

77.     Plaintiff's claims are typical of those claims which could be alleged by any California Class Member, and the relief sought is typical of the relief which would be sought by each California Class Member in separate actions.  All class members were subject to the same policy of RightSourcing, resulting in unpaid wages due on separation, in violation of Labor Code section 203.

78.     Plaintiff and other class members have sustained similar losses, injuries and damages resulting from RightSourcing's willful failure to pay all wages due on separation. RightSourcing's policies and practices affected all class members similarly, and RightSourcing benefitted from the same type of unfair and/or wrongful acts as to each of the class members.

79.     Plaintiff is able to fairly and adequately protect the interests of the class members and has no interests antagonistic to the California Class Members. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

80.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and

hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

81. Common questions of law and fact exist as to the class members that predominate over any questions only affecting Plaintiff and the California Class Members individually. These questions include whether Defendant's failure to pay was "willful."

## SIXTH CAUSE OF ACTION
## VIOLATION OF CAL. BUS. & PROF. CODE §17200, *ET SEQ*.

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Plaintiff brings this claim on behalf of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

84. Defendant's conduct, as set forth above, violates the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated Labor Code Section 2802. As a result of Defendant's unlawful conduct, Plaintiff and California Class Members suffered injury in fact and lost money and property, including, but not limited to business expenses that Plaintiff and the California Class were required to pay.

85.     Pursuant to California Business and Professions Code § 17203, Plaintiff and California Class Members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and California Class Members who worked for Defendant are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## Jury Demand

Plaintiff requests a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.  Permission for the Plaintiff to notify fellow workers of their right to opt-in to this action to pursue a claim under the FLSA, pursuant to 29 U.S.C. § 216(b);

2.  Restitution of overtime pay;

3.  Permission for Plaintiff to pursue her state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

4.  Compensatory damages, including all expenses and wages owed;

5.  Statutory penalties;

6.  Liquidated damages;

7.  Attorneys' fees and costs; and

8.  Any other relief to which Plaintiff and the class members may be entitled.

Dated:  June 10, 2016                    Respectfully Submitted,
                                         ANGELA SCOLARO,
                                         Individually and on behalf of
                                         all others similarly situated,

                                         By her attorneys,

                                         */s/ Wilmer J. Harris*
                                         Wilmer J. Harris (SBN 150407)
                                         (wharris@sshhlaw.com)

CLASS AND COLLECTIVE ACTION COMPLAINT; JURY DEMAND

16

Isabel M. Daniels (SBN 270887)
(idaniels@sshhlaw.com)
SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

MATTHEW D. CARLSON
(State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
Telephone: (617) 994-5800
Facsimile:  (617) 994-5801

HAROLD LICHTEN
(hlichten@llrlaw.com)
*Pro Hac Vice* anticipated
JILL KAHN (jkahn@llrlaw.com)
*Pro Hac Vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

SHANON J. CARSON (PA 85957)
(scarson@bm.net)
*Pro Hac Vice* anticipated
SARAH R. SCHALMAN-BERGEN (PA
206211) (sschalman-bergen@bm.net)
*Pro Hac Vice* anticipated
ALEXANDRA K. PIAZZA (PA 315240)
*Pro Hac Vice* anticipated
CAMILLE FUNDORA (PA 312533)
(cfundora@bm.net)
*Pro Hac Vice* anticipated

CLASS AND COLLECTIVE ACTION COMPLAINT; JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604