# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SCOLARO, individually and on behalf of persons similarly situated,<br><br>                 Plaintiffs,<br><br>   v.<br><br>RIGHTSOURCING, INC.<br><br>                 Defendant. | Case No. 8:16-cv-01083<br><br>**DECLARATION OF SETTLEMENT ADMINISTRATOR** |

## DECLARATION OF SETTLEMENT ADMINISTRATOR

TROY WALITSKY, ESQ., of full age, hereby declares under penalty of perjury as follows:

1.  I am a Project Manager at the class action notice and Settlement Administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.  Angeion has administrated class action settlements involving millions of class members. A representative list of the settlements administered by Angeion is available at http://www.angeiongroup.com/cases.htm.

3.  Angeion is not related to or affiliated with any of the attorneys comprising Class Counsel or counsel for defendant.

4.  On or about March 29, 2017, Angeion received the class member data ("Class List") from the defendant. The Class List contained the names and addresses of the 60 Class Members.

5.  Prior to mailing the Notice, Angeion ran the Class List through the U.S. Postal Service's National Change of Address ("NCOA") database, which provides updated addresses for all individuals who have moved during the previous four years and filed a change of address with the

United States Postal Service ("USPS"). The results of the NCOA search were provided to defendant's counsel on March 31, 2017.

6. On April 3, 2017, Angeion received PDFs of the Notices and envelopes to use for mailing the Notices. Also on April 3, 2017, Angeion received the email addresses for the Class Members from the defendant. A redacted copy of the Notice is attached hereto as Exhibit "A".

7. On April 7, 2017, Notice was mailed and emailed to the contact information on file for the 60 Class Members. A total of 60 Notices were mailed and 60 Notices were emailed.

8. A total of 11 Notices were returned as undeliverable by the USPS after the April 7th mailing. One Notice was forwarded to an updated address provided by the USPS and 9 Notices were re-mailed to updated addresses identified via address verification searches (commonly referred to as "skip tracing") or updated addresses provided to Angeion by the Class Member or counsel. One Notice was returned as undeliverable by the USPS a second time after the re-mailing efforts described above.

9. As of the date of this Declaration, Angeion has received 1 request for exclusion. That request for exclusion is attached hereto as Exhibit "B". The deadline for Class Members to request exclusion was May 22, 2017. Angeion will advise Class Counsel and counsel for the defendant of any requests for exclusion received after the date of this Declaration.

10. Angeion has not received nor been made aware of any objections to the Settlement.

I declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct to the best of my knowledge and that this declaration was executed this 2nd day of June 2017 at Farmingville, New York.

_____
TROY WALITSKY

# Exhibit A

| |
|---|
| According to RightSourcing, Inc. ("RightSourcing") records: (1) you, ▓▓▓▓▓ were employed by RightSourcing at a time between June 10, 2012 through March 20, 201 |
| Your estimated individual settlement amount from the settlement described below is ▓▓▓▓ |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Angela Scolaro, individually and on behalf of other persons similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>RightSourcing, Inc,<br><br>        Defendant. | CASE NO. Case No. 8:16-cv-01083-JVS-KES<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**The United States District Court for the Central District of California ("the Court") authorized this Notice of Class Action Settlement ("Notice"). This is not a solicitation from a lawyer. The Court has given preliminary approval to a settlement of this lawsuit. If you were employed by RightSourcing at a point between June 10, 2012 and March 20, 2017, you should read this Notice carefully because it will affect your rights.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| DO NOTHING | Receive a payment, and upon signing, depositing or cashing the settlement award payment, release certain claims under state law and federal law, including Fair Labor Standards Act ("FLSA") claims. |
| EXCLUDE YOURSELF | Submit a request for exclusion (also called an "opt out" request) to exclude yourself from the lawsuit, receive no money and do not release the claims alleged in this case.<br><br>If you wish to be excluded from this settlement, please send a request for exclusion to the Settlement Administrator. |
| OBJECT | Submit a written objection to the Court.<br><br>If you disagree with the proposed settlement, you may submit an objection.  If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms.  If the Court rejects your objection, you will still be entitled to participate in the settlement unless you have excluded yourself. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement.  In order to speak at the hearing, however, you also must timely submit a written objection. |

• These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still needs to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after appeals (if any) are resolved.

## BASIC INFORMATION

| 1. | Why did I receive this Notice? |

You received this Notice because RightSourcing's records show that you were employed by RightSourcing as a Clinical Training Specialist during all or part of a time between June 10, 2012 and March 20, 2017. This Notice explains that the Court has granted preliminary approval of a proposed settlement of a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court decides whether to grant final approval of the proposed settlement.

| 2. | What is this lawsuit about? |

**Plaintiff Angela Scolaro ("Plaintiff") filed a complaint against RightSourcing, Inc. ("RightSourcing") on June 10, 2016, on behalf of herself and other employees in the United States District Court for the Central District of California. Plaintiff filed a First Amended Complaint on August 5, 2016. The Action asserts that the Class Members were misclassified as exempt and accordingly are owed additional compensation for overtime hours worked and failed to pay all wages due at termination. The Plaintiff also alleges that RightSourcing improperly failed to reimburse business expenses to Class Members. Individually and on behalf of the Class Membres, Plaintiff seeks damages for lost wages, interest, penalties, attorneys' fees and expenses. RightSourcing denies these allegations and asserts that it properly paid its employees consistently with all applicable laws. Nothing in this Notice, or the Settlement itself, means that RightSourcing admits to any wrongdoing, but to avoid the costs of litigation the parties have agreed to settle the matter.**

| 3. | What is a class action and who is involved? |

The Parties agreed to treat this case as a class action for purposes of settlement only. In a class action, one or more persons, in this case Angela Scolaro ("Class Representative"), files a lawsuit on behalf of people who have similar claims. These people together are called "Settlement Class Members." Settlement Class Members who do not submit a timely request for exclusion pursuant to the procedure set forth below in Section 16 are called "Participating Class Members". The company sued (in this case RightSourcing) is called the Defendant. Settlement Class Members and Defendant are sometimes referred to in this Notice as the "Parties." In this case, the Parties have decided to settle the case. The Court has made a preliminary determination that the proposed settlement appears fair, adequate, and reasonable. The Court will decide whether to finally approve the proposed settlement after the Settlement Class Members are given a chance to exclude themselves from or object to the proposed settlement.

| 5. | Is there any money available now? |

No money or benefits are available right now because the Court has not yet decided whether to give final approval to the settlement. If the Court gives final approval to the settlement, then you will automatically be sent your portion of the settlement once the Court's order becomes final unless you exclude yourself, or opt-out, from the settlement.

## THE SETTLEMENT BENEFITS-WHAT YOU RECEIVE

| 8. | What does the settlement provide? |

The proposed settlement requires RightSourcing to pay a Maximum Payment not to exceed three-hundred and ten thousand dollars ($310,000). That amount includes payments for attorneys' fees (up to $77,500) and costs (up to $20,000), an incentive award for Plaintiff (up to $10,000), and Claims Administration Costs (up to $5,000). The amount remaining after these payments is the amount available to distribute to the class ("Net Settlement Amount"). Settlement proceeds will be paid to all Settlement Class Members who do not submit a request for exclusion.

| 9. | What can I get from the settlement? |

The amount of your share of the Net Settlement Amount will be calculated on a pro rata basis based upon the amount of overtime pay that you are owed under federal and California law, according to Defendant's time records. A portion of your settlement share will also be allocated toward reimbursement for expenses that you paid that were necessary to perform your job for Rightsourcing. The shares of Class Members who lived outside the state of California while working for Rightsourcing will be weighted most heavily, whereas the shares of Class Members who resided in southern California while working for Rightsourcing will be allocated a smaller share to account for the fact that they did not need to travel as far to perform their work.

| 10. | Will taxes be withheld from my settlement payment? |

Your Individual Settlement Amount will include a wage portion (representing unpaid wages), and a non-wage portion (representing penalties, interest and other consideration). From the wage portion of each Settlement Class Member's Individual Settlement Amount, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member and RightSourcing as a result of the payment, resulting in a "Net Wage Component." The total of the Net Wage Component and the non-wage portion of the Individual Settlement Amount will be the Settlement Class Member's "Net Payment." The wage portion of the Settlement Class Member's Individual Settlement Amount may be reported to the appropriate taxing authorities on an IRS Form W-2 or analogous form. The non-wage portion of the Settlement Class Member's Individual Settlement Amount will be reported to the appropriate taxing authorities on an IRS Form 1099 or analogous form. Other than the withholding and reporting requirements specifically set forth above, Settlement Class Members are solely responsible for all taxes due on payments made pursuant to the settlement.

| 11. | If the settlement is approved, when will I receive my settlement payment? |

The Court has scheduled a Fairness/Final Approval Hearing on June 26, 2017, at 1:30 p.m. in Courtroom 10C of the U.S. District Court for the Central District of California, located at 411 West Fourth Street; Santa Ana, CA, at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to Participating Class Members; and (2) whether the applications for attorneys' fees, costs, and the Plaintiff's incentive award should be approved. If the Court approves the settlement, an Order Granting Final Approval will be entered. It is neither required nor necessary that you attend the Fairness Hearing. Once the Order Granting Final Approval is signed by the Court, and if there is no appeal of the Court's order, then checks will be mailed out to the Participating Class Members within approximately 10 days. If an appeal is filed, then distributions will be delayed until after final resolution of any appeals.

## HOW YOU RECEIVE A PAYMENT

| 12. | How can I receive a payment? |

**If this Notice was sent to you at your current address, you do not need to do anything further to receive payment. If this Notice was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, or if you have changed your address, then you should immediately notify the Claims Administrator in writing stating your name and past and current addresses.**

The Claims Administrator's address is:

By U.S. Mail:

Scolaro v. RightSourcing Inc.
Claims Administrator
1801 Market Street
Suite 660
Philadelphia, PA 19103

**Otherwise, you do not need to do anything to receive a payment so long as you do not exclude yourself from the Class.**

| 13. | What am I giving up if I stay in the class? |
|---|---|

If you do nothing, you will be bound by any judgment entered in this Action and will not be allowed to sue RightSourcing for any claims occurring between June 10, 2012 and March 20, 2017 that arise from, relate to or are based on any and all claims alleged in the Action. Doing nothing also means that all of the Court's orders will apply to you and legally bind you. It also means that you will be bound by the following Release:

All Participating Class Members, on behalf of themselves, their successors, assigns, heirs, executors, trustees and administrators, shall fully and finally release and discharge RightSourcing, its past, present and future, direct and indirect, parents, subsidiaries, divisions, partners and affiliates and their respective past and present stockholders, officers, directors, employees, managers, attorneys and insurers, as well as any other persons or entities who are alleged to have been involved in the conduct alleged, or sought to be alleged, in the Action from any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or not concealed or hidden, from the beginning of time through March 20, 2017 arising from and related to, or based on the claims asserted by Plaintiff Angela Scolaro in any pleading in the Action, including without limitation violations of any state or federal statutes (including claims arising under the Fair Labor Standards Act), rules, or regulations, based upon, arising out of, or related to any claims or allegations raised in the Action, including those claims or allegations that RightSourcing (1) misclassified Plaintiffs (2) failed to pay overtime due under the FLSA, (3) failed to pay overtime due under California law, (4) failed to pay any wages due, (5) failed to provide breaks and/or pay break premiums, (6) failed to provide accurate wage statements, (7) reimburse business expenses; (8) failed to pay all wages at termination; or (9) engaged in any unfair business practices alleged in the Action and any of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act which relate to or arise out of, in any way, the claims made and facts alleged in the Action. These constitute the "Released Claims." <u>You will only release your claims under the FLSA if you sign, deposit, or cash your settlement check.</u>

By failing to exclude themselves from the settlement, Participating Class Members expressly waive and relinquish any rights and benefits they have or may have under California Civil Code Section 1542 with respect to the Released Claims. The Participating Class Members agree that Civil Code Section 1542 is expressly waived and relinquished to the fullest extent permitted by law as to the Released Claims. This Release will cover all Settlement Class Members who do not opt out, regardless of whether they make a claim, or are available for delivery or have delivered to them, their payment under the settlement. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

By failing to exclude themselves from the settlement, Participating Class Members acknowledge and agree that all of the claims for wage and hour and payroll practice violations in the Action are disputed, and that the Participating Class Members' Individual Settlement Amounts constitute payment in full of any and all amounts allegedly due to them. In light of the foregoing, Participating Class Members shall be deemed to have acknowledged and agreed that California Labor Code section 206.5 is not applicable to the Parties hereto. That section provides in pertinent part as follows:

> **An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made.**

Your settlement check will include language indicating that, by endorsing the check, you are agreeing to waive or release the Released Claims.

| 14. | What if I get my payment and don't cash it? |

If you receive the payment and do not cash your check, you will still be bound by the terms of the settlement and you will release all claims released under this settlement, except that you will not release your FLSA claims unless you sign, deposit, or cash your check. After 200 days, the Claims Administrator will stop payment on your check.

| 15. | What happens if I do nothing at all? |

If you do nothing, you will receive a payment from the settlement and you will be bound by the terms of the settlement. For further information, you can speak with Class Counsel in this case identified below.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to retain the right to pursue claims against RightSourcing alleged in this case and/or you do not want a payment from this settlement, then you must take certain steps. This is called excluding yourself, and is also referred to as "opting out" of the settlement. **DO NOT EXCLUDE YOURSELF IF YOU WISH TO RECEIVE MONEY FROM THIS SETTLEMENT**.

| 16. | How do I request to be excluded from the settlement? |

To exclude yourself from the settlement, you must send your request to the Settlement Administrator.

| 17. | If I do not exclude myself, can I sue RightSourcing for the same claims later? |

No. If you do not submit a valid and timely request for exclusion postmarked by May 22, 2017 or deliver it by some other method so that it is received by the Claims Administrator no later than May 22, 2017, you will be bound by all terms of the settlement and any Final Judgment entered in the Action, if the settlement is approved by the Court. The settlement and Final Judgment will include a full release of claims in this Action, which will prevent you from suing RightSourcing or any related persons or entities for the claims released by the settlement. If you have a pending lawsuit, speak to your lawyer in that case immediately.

| 18. | If I exclude myself, can I get money from this settlement? |

No. If you exclude yourself, you are asking not to be included in the settlement.

## THE LAWYERS REPRESENTING YOU

| 19. | Do I have a lawyer in this case? |

The Court has approved LICHTEN & LISS-RIORDAN, P.C. and BERGER & MONTAGUE, P.C. as Class Counsel to represent you and all Settlement Class Members. You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want to hire your own lawyer, you may do so at your own expense. For example, you can hire your own legal counsel to appear in Court for you if you want someone other than Class Counsel to speak for you. Class Counsel's contact information is below:

| | |
|---|---|
| Harold Lichten | Shanon J. Carson |
| Jill Kahn | Sarah R. Schalman-Bergen |
| LICHTEN & LISS-RIORDAN, P.C. | Alexandra K. Piazza |
| 729 Boylston Street, Suite 2000 | BERGER & MONTAGUE, P.C. |
| Boston, MA 02116 | 1622 Locust Street |
| Telephone: (617) 994-5800 | Philadelphia, PA 19103 |
| Facsimile: (617) 994-5801 | Telephone: (215) 875-3033 |
| jkahn@llrlaw.com | Facsimile: (215) 875-4604 |
| Class settlement administrator: Shae Cleary, scleary@llrlaw.com | apiazza@bm.net |

*OC 287663602v1*

| 20. | How will the lawyers and the Class Representative be paid? |

The amount of attorney's fees and costs awarded to the Class Counsel will be subject to the Court's discretion. You will not have to pay these fees and expenses separately. Class Counsel will request that the Court approve an award of attorneys' fees in an amount not to exceed $77,500, and litigation costs of up to $20,000. Class Counsel will also request that the Class Representative receive an additional amount called an "Incentive Award." The amount of the Incentive Award will be subject to the Court's discretion, but in any event, will not exceed $10,000. This Incentive Award shall be paid out of and deducted from the Maximum Payment. Lastly, as part of the preliminary approval of the settlement, the Court has approved payment of claims administration expenses in the amount of up to $5,000 to the Claims Administrator from the Maximum Payment.

## OBJECTING TO THE SETTLEMENT

| 21. | How do I object? |

If you think that the proposed settlement is unfair, inadequate or unreasonable, you can object to the proposed settlement. If you object, and if the Court approves the proposed settlement, then you will still receive a share of the settlement money, and you will be bound by the terms of the release as set forth in the answer to Question 13 above, unless you exclude yourself from the settlement.

If you want to object to any part of the settlement, you must file a written objection with the Court stating with particularity the basis for the objection. If you intend to appear at the Final Fairness and Approval Hearing, whether in person or through counsel, you must include notice of that fact, and state the purpose for your appearance in the written objection. Any notice and/or written objection must be filed with the Court and copies thereof must be mailed or personally delivered to the attorneys listed below no later than May 22, 2017.

All objections should reference the case name and number (*Angela Scolaro, individually and on behalf of persons similarly situated, v. RightSourcing, Inc.* (Case No. 8:16-cv-01083-JVS-KES)) and be filed with the Clerk of Court no later than May 22, 2017 at:

> United States District Court, Central District of California
> 411 West Fourth Street, Dept. 10 C Santa Ana, CA 92701

Copies of all documents filed with the Clerk of Court must be mailed or personally delivered to the following no later than May 22, 2017:

> CLASS COUNSEL
> Harold Lichten
> Jill Kahn
> LICHTEN & LISS-RIORDAN, P.C.
> 729 Boylston Street, Suite 2000
> Boston, MA 02116
> Telephone: (617) 994-5800
> Facsimile: (617) 994-5801
> jkahn@llrlaw.com
>
> Shanon J. Carson
> Sarah R. Schalman-Bergen
> Alexandra K. Piazza
> BERGER & MONTAGUE, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
> Telephone: (215) 875-3033
> Facsimile: (215) 875-4604
> apiazza@bm.net

> DEFENDANT'S COUNSEL
> Mark D. Kemple
> Ashley Farrell Pickett
> GREENBERG TRAURIG, LLP
> 1840 Century Park East, Ste. 1900
> Los Angeles, CA 90067
> Email: kemplem@gtlaw.com

If you object in the manner provided above, then you or your attorney may appear at the Final Approval Hearing, currently set for June 26, 2017, at 1:30 p.m. at 411 West Fourth Street, Dept. 10 C Santa Ana, CA 92701. However, if you do not object in the manner provided above, your objection may be considered waived and you will not be able to make any other or later objection to the fairness, reasonableness or adequacy of the proposed settlement, the award of attorneys' fees and costs, or Class Representative's Incentive Award.

| 22. | What's the difference between objecting and excluding? |

Objecting requires telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing, the Honorable James V. Selna, presiding, on June 26, 2017, at 1:30 p.m. located at West Fourth Street, Dept. 10 C Santa Ana, CA 92701, to determine whether the proposed settlement of the Action is fair, adequate, reasonable and should be finally approved by the Court, and whether the Action should be dismissed on the merits with prejudice. At the hearing, Class Counsel will speak on your behalf and answer any questions Judge Selna might have.

| 23. | May I attend the hearing and speak? |

Anyone may attend this hearing. If you are a Participating Class Member and wish to speak, you must file and serve an objection as described above before you can speak at the hearing.

**GETTING MORE INFORMATION**

| 24. | Are there more details about the settlement? |

This Notice summarizes the proposed settlement. For a more detailed statement of the matters involved in the Action, you may refer to the Joint Motion for Preliminary Approval of Class Action Settlement, and any other pleadings and papers filed in the Action, which may be inspected at the office of the Clerk of Court located at 411 West Fourth Street, Dept. 10 C Santa Ana, CA 92701, during regular business hours of each Court day. Or, you may contact Class Counsel (see contact information in Question 26 below).

| 25. | Can I read a copy of the settlement agreement? |

Yes. A copy of the settlement agreement may be found as part of the Joint Motion for Preliminary Approval of Class Action Settlement, which is available for your review at the office of the Clerk of Court at the address provided in Question 24 above, or you may contact Class Counsel (see contact information in Question 26 below).

| 26. | How do I contact Class Counsel to obtain additional information? |

All questions regarding this Notice and/or the settlement should be directed to your Class Counsel at:

CLASS COUNSEL
Harold Lichten
Jill Kahn
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
jkahn@llrlaw.com

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
apiazza@bm.net

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, RIGHTSOURCING, OR RIGHTSOURCING'S ATTORNEYS WITH INQUIRIES.**

# Exhibit B

# Request for exclusion "opt out" from the Class Action Settlement

In the United States District Court for The Central District of California, Case No. 8:16-cv-01083-JVS-KES

By signing and returning this form, I confirm that I do not want to be included in the Settlement of the class action lawsuit referenced above.

I understand that by opting out, I am giving up my right to receive any payments under the settlement.

By providing the following information, I affirm that I want to opt-out of this class:

**First Name:** Teija

**Last Name:** Hellqvist

**Current Mailing Address:** 7081 NW 7th CT

**City:** Plantation

**State:** Florida

**Zip:** 33317

**Home Phone Number:** ▮

_____          4/20/2017
(Signature)                        (Date)

Received on 4/26/2017
Postmarked Date: 4/20/2017

S: T. Hellquist
7081 NW 7th CT
Plantation
FL 33317.




U.S. POSTAGE PAID
PLANTATION, FL 33317
APR 20, 17
AMOUNT
$3.84
R2305P149797-18

1000   19103



CERTIFIED MAIL



7017 0190 0001 0689 7987

Scolaro v. RightSourcing Inc.
Claims Administrator
1801 Market Street
Suite 660
Philadelphia, PA 19103.

19103$1628 C089

Received on 4/26/2017
Postmarked Date: 4/20/2017